UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

In re:
William B. Willis,     Case No. 13-03391
    *Debtor*.

**ORDER OVERRULING CREDITOR LISA A. CONN'S OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

Angela M. Cooper, Attorney for Debtor, Mobile, AL
Michael Gillion, Attorney for Lisa A. Conn, Mobile, AL

This case is before the Court on creditor Lisa A. Conn's Objection to Confirmation of Debtor's Proposed Chapter 13 Plan. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the Court has the authority to enter a final order. For the reasons indicated below, the Court is overruling Ms. Conn's objection to confirmation.

**FACTS**

The parties have stipulated to the relevant facts. On or about December 29, 2000, the objecting creditor Lisa A. Conn (formerly Lisa A. Willis), and the Debtor William Willis were married. During their marriage, Ms. Conn received a substantial inheritance following the death of her father and grandmother. Ms. Conn used part of this money to purchase a home in Stapleton, Alabama for the couple. She paid cash for the home. The home was titled in both their names. However, the parties entered into a post-nuptial agreement stipulating that the marital home was Ms. Conn's property.

Prior to Mr. Willis's marriage to Ms. Conn, he was married to Laura Willis. Mr. Willis has two children with Laura Willis, Hannah and Mattie Willis. Upon their divorce, Mr. Willis was ordered to pay child support to Laura Willis on behalf of Hannah and Mattie Willis. He did

1

not comply with this child support order and amassed an $89,000.00 child support arrearage owing to Laura Willis. At some point, Laura Willis had her arrearage claim reduced to a judgment and she put a lien on William and Lisa Willis's home in order to satisfy the judgment.

William and Lisa Willis divorced on September 26, 2006 in Baldwin County, Alabama. When they sold their home in Stapleton, $89,000.00 of the proceeds was held in escrow pursuant to Laura Willis's lien.

At the time of their divorce, William and Lisa Willis had one minor child, Abigail Leigh Willis. Judge Partin entered a divorce decree in their case. The decree ordered that the Juvenile Court of Baldwin County, Alabama would determine issues of custody, visitation, and child support. Further, it ordered that

> 4. Lisa Ann Willis shall receive Forty-Four Thousand Five Hundred Dollars ($44,500.00) of the Eighty-Nine Thousand Dollars ($89,000.00) held in escrow by the Circuit court of Baldwin county, Alabama that are proceeds from the sale of the real property located at 13819 Elmwood Ct., Stapleton, Alabama 36578.
>
> 5. William Beniah Willis, III shall pay Forty-Four Thousand Five Hundred Dollars ($44,500.00) to Lisa Ann Willis. This Forty-Four Thousand Five Hundred Dollars ($44,500.00) is payment for Forty-Four Thousand Five Hundred Dollars ($44,500.00) disbursed to Laura Willis from the Eighty-Nine Thousand Dollars ($89,000) held in escrow.

Mr. Willis was ultimately ordered to pay child support to Ms. Conn on behalf of Abigail Conn. At some point, Mr. Willis fell behind in his support payments and now owes Ms. Conn $8,500 in child support arrearage. At this time, his monthly child support obligation to Ms. Conn is $342.00. His plan proposes to pay Ms. Conn $342.00 per month from now on and to pay her an additional $50.00 per month to pay off the arrearage.

Ms. Conn admits that the $44,500.00 that Mr. Willis owes her pursuant to their divorce decree is not a child support obligation owed for her daughter Abigail's benefit. Rather, it is repayment for money taken from Ms. Conn to satisfy Mr. Willis's child support obligation to Laura Willis for the benefit of Hannah and Mattie Willis.

**LAW**

The question presented is whether the $44,500.00 debt Mr. Willis owes to Ms. Conn constitutes a "domestic support obligation" (DSO) under § 523(a)(5)? For the following reasons, the Court finds that the $44,500.00 debt owing to Ms. Conn is not a domestic support obligation.

Generally, property settlements in a divorce decree are dischargeable in a chapter 13 bankruptcy, but domestic support obligations are not. *Steele v. Heard,* 487 B.R. 302, 308 (S.D. Ala. 2013) (stating that "[S]pousal divorce obligations other than DSOs are dischargeable in Chapter 13 cases because 11 U.S.C. § 1328(a)(2) incorporates § 523(a)(5), but not § 523(a)(15)"). Whether a particular divorce-related debt is in the nature of support or a property settlement is a question of federal law. *Id.*at 309. Here, Ms. Conn contends that the debt owed her is essentially a child support obligation. The debtor contends that it is not.

Section 523(a)(5) of the Bankruptcy Code excludes from discharge any debt "for a domestic support obligation." A "domestic support obligation is "a debt . . . owed to or recoverable by (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative . . . in the nature of alimony, maintenance, or support . . . of *such* spouse, former spouse, or child of the debtor or *such* child's parent, without regard to whether such debt is expressly so designated; . . . established . . . by reason of . . . (i) a separation

3

agreement, divorce decree, or property settlement agreement . . . ." 11 U.S.C. § 101(14A) (emphasis added).

Section 101(14A) "expressly defines the persons to whom the court-ordered, support related obligation must be owed for it to be a 'domestic support obligation.'" *Tucker v. Oliver,* 423 B.R. 378, 379 (W.D. Okla. 2010). In the case of a child support obligation, the support must be "owed to . . . [a] child of the debtor or such child's parent" and be "in the nature of maintenance, or support of *such* . . . child of the debtor or *such* child's parent." The plain language of the applicable parts of the statute indicates that in order to find a DSO (for child support), the debt must be owed to the debtor's child (or guardian) to support the child to whom the obligation is owed.

In this case, Mr. Willis owes Ms. Conn $44,500.00 as a result of her having been forced to pay part of his child support arrearage to Laura Willis. Ms. Conn argues that since the debt *arises out of* her being forced to pay a DSO, the debt *is* a DSO. While the court is sympathetic to Ms. Conn's situation, it is unpersuaded by her argument.

The $44,500.00 debt is not owed to Ms. Conn on behalf of Abigail Conn, Mr. Willis's daughter with Ms. Conn, and it is not owed in order to support Abigail Conn. While the debt is linked to a DSO owed to Laura Willis, Laura Willis's DSO is not a claim in this case. Rather, that DSO was satisfied. Admittedly, Ms. Conn's claim is a debt arising out of the satisfaction of Laura Willis's DSO, but that does not convert Ms. Conn's claim into a DSO claim. If Mr. Willis had borrowed money from another relative to satisfy his DSO to Laura Willis, his debt to the other relative would not somehow become a DSO. Essentially, that is what has occurred here. The facts are complicated because Mr. Willis does owe Ms. Conn a DSO in the amount of $8,500. However, that DSO will be paid through Mr. Willis's proposed plan.

4

Case 13-03391    Doc 48    Filed 01/21/14    Entered 01/22/14 09:56:36    Desc Main
                    Document      Page 4 of 5

Therefore, the Court finds that Ms. Conn's objection is due to be overruled.

IT IS ORDERED that Ms. Conn's objection to confirmation is overruled and the debtor's plan is confirmed.

Dated:   January 21, 2014

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE